MARTIN CONWAY, PLAINTIFF IN ERROR, v. CHARLES S. FURST, DEFENDANT IN ERROR.

Conway was employed as watchman in the unfinished store building of Furst, and was injured by falling down the elevator-shaft. Conway knew that the elevator was not finished, and that mechanics were still at work upon it. *Held,* that Conway could not recover damages from Furst, for two reasons—

1. Because he knew of the danger which attended his employment, and he assumed, as part of his contract obligation, the risk which was incident to such service.

2. Because the elevator, at the time of the injury to Conway, was in the course of construction by contractors who were exercising an independent employment.

On error to the Supreme Court.

For the plaintiff in error, *William B. Gilmore.*

For the defendant in error, *Wallis, Edwards & Bumsted.*

The opinion of the court was delivered by

VAN SYCKEL, J. Conway was employed as watchman in the store of defendant. The store was opened in October, 1893, but was not then completed. The plaintiff was injured on December 3d, 1892, in the evening after the store had been closed, by falling down an elevator. This suit was brought by Conway against Furst, his employer, to recover damages for his injury. Conway knew that the elevator was not finished, and that mechanics were still working upon it hastening its completion. He knew also that no doors had yet been put in the elevator to protect anyone from stepping into the shaft and falling to the floor below.

The rule is well settled that, where an employment is attended with danger of which those who enter into it have notice, they cannot, if injured, recover compensation from their employer.

In *Harrison* v. *Central Railroad Co.*, 2 *Vroom* 293, 296, the Chief Justice states the rule concisely in these words : " The servant, when he undertakes to perform any particular service, assumes, as a part of his conventional obligations, the ordinary perils which, in the nature of things, are incident to such service."

*Kennedy* v. *Manhattan Railway Co.*, in the Court of Appeals of New York, 39 *N. E. Rep.* 956, is directly in point. That suit was brought by Hannah Kennedy, administratrix of Michael Kennedy, deceased. The deceased was a car cleaner in defendant's elevated railroad yards, and was killed by stepping backward from a car at night and falling through an opening in the structure on which the tracks were laid. It was shown that the structure was new and not yet finished ; that deceased had been there daily for three weeks, in the capacity of watchman and car cleaner, saw the carpenters at work planking the structure and knew its condition.

The court said that if the deceased knew that the yard was in an unfinished state, and that it was uncovered in places, and that it was in the course of being covered, he assumed, by continuing in the employment, the risk of falling through these uncovered places, and the defendant was not liable.

This established rule of law is a bar to the plaintiff's right of action. There is another fact proven on the trial below, which is fatal to the plaintiff's claim for damages against his employer.

The case shows that the elevator was being constructed by contract.

Furst, the defendant, was asked, " What was the condition of that elevator at the time of the accident ? Had it been completed ?"

*Answer.* " No ; they were building it at the time ; it had been contracted for." And he further said that the builder's contracts were not completed till the following March.

This evidence was uncontradicted, and it shows that the elevator was, at the time of the injury to Conway, in the course of construction by contractors exercising an independ-

ent employment, and, therefore, Conway is without remedy against his employer. *Cuff* v. *Newark and New York Railroad Co.*, 6 *Vroom* 17, and cases cited in Mr. Justice Depue's opinion.

The negligence particularly relied upon by plaintiff on the trial was that a stick nailed across the shaft was not well secured, so that it gave way when Conway laid his hand upon it, and he went down with it. On this account, negligence cannot be imputed to the master, because the servant had equal means with the master of determining whether it was prudent to rest upon the stick. The plaintiff took the risk which was incident to the conditions which he knew existed there when he was injured, and, for the reasons stated, the judgment below, which was against Conway, must be affirmed.

*For affirmance*—The CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, GUMMERE, MAGIE, REED, VAN SYCKEL, BOGERT, BROWN, SIMS. 11.

*For reversal*—None.