OTTO LEUTERITZ, PLAINTIFF AND APPELLANT, v. ICE CONSUMERS AND SUPPLY COMPANY, A CORPORATION, DEFENDANT AND APPELLEE.

Argued November 9, 1911—Decided March 30, 1912.

1. A master is bound to take reasonable care to have the place in which he directs his servant to work reasonably safe for the doing of the work, and free from latent and concealed dangers.

2. While the servant assumes all the ordinary and usual risks incident to the employment, and all risks which he knows, or may, in the exercise of reasonable care, know, to exist, he does not assume risks not incident thereto, nor the risks of latent or concealed dangers.

3. In the absence of knowledge to the contrary, a servant has the right to assume that his master has exercised due care and diligence to fulfill the obligations imposed upon him by law, and he does not assume the risk consequent upon the failure of the master to discharge his duty.

4. Where a servant is put to work upon a slippery platform, fourteen feet above the ground, and the master has provided such platform with a guard rail made of "furring lath" one and three-quarter inches wide and three-quarters of an inch thick, which was fastened to its support by only one nail, and which guard rail broke and fell to the ground when the servant slipped and put his weight upon it, causing the servant to fall to the ground and injuring him, it was erroneous to nonsuit the servant, in an action to recover for such injuries, upon the ground that he assumed the risk, when it appeared from the proofs that the servant had made no examination of the condition of the railing.

On appeal from the East Orange District Court.

Before Justices TRENCHARD, MINTURN and KALISCH.

For the appellant, *Henry Carless.*

For the appellee, *McCarter & English.*

The opinion of the court was delivered by

TRENCHARD, J. The judgment in this record was founded upon a nonsuit directed by the trial judge at the trial of the issue made by the pleadings.

The action was in tort for damages for an injury suffered by the plaintiff.

The agreed state of the case shows that, at the time the nonsuit was allowed, the evidence established the following facts: The defendant operated a factory for the manufacture of ice. The plaintiff worked in the defendant's factory as an "ice-puller," and had been there so employed for four weeks prior to the accident. His duty was to operate the levers of the hydraulic press. In the performance of such duty he was re-

quired to stand on a platform which was fourteen feet above the ground, three feet wide and twelve feet long. Standing there he worked the levers, which released the cakes of ice, and he was required, as occasion demanded it, to go to the end of the platform and remove any particles of ice which interfered with the passage of the cakes of ice. At the back of the platform, as the plaintiff stood operating the levers, were two guard rails running the entire length of the platform. There was a post at each end and one in the middle. The posts were four feet high. The two guard rails were in four pieces each six feet long. Two of them were fastened on a line with each other at the top of the posts, and two in the same manner two feet from the floor of the platform. The lower guard rail was made of strips of wood known as "furring lath," one and three-quarter inches wide and three-quarters of an inch thick. These laths were nailed on the outside of the posts by one nail driven through the end of each strip into the posts. The plaintiff had not at any time before the accident made an examination of the condition of the railing. Just prior to the accident the plaintiff had been scraping the ice from the plates at the end of the platform. The platform was slippery on account of water and grease which dropped from the press. He was returning along the platform to the levers when he slipped. In falling he caught hold of the lower railing to save himself. It broke and was torn loose and fell with the plaintiff to the cement floor, fourteen feet below, whereby the plaintiff was injured.

The learned trial judge seems to have granted the nonsuit upon the ground that the injury to the plaintiff was the result of a risk, which was inherent in his employment, and which the plaintiff assumed. This, we think, was erroneous.

The rule of duty of the master applicable to the case admits of no doubt or dispute. He is bound to take reasonable care to have the place in which he directs his servant to work reasonably safe for the doing of the work, and free from latent and concealed dangers. *Electric Company* v. *Kelly,* 28 *Vroom* 100; *Comben* v. *Belleville Stone Co.,* 30 *Id.* 226.

While the servant assumes all the ordinary and usual risks incident to the employment, and all risks which he knows, or may, in the exercise of reasonable care, know, to exist, he does not assume risks not incident thereto, nor the risks of latent or concealed dangers. *Conway* v. *Furst,* 28 *Vroom* 645; *McDonald* v. *Standard Oil Co.,* 40 *Id.* 445.

In the absence of knowledge to the contrary, a servant has a right to assume that his master has exercised due care and diligence to fulfill the obligations imposed upon him by law, and he does not assume the risk consequent upon the failure of the master to discharge his duty. *Christensen* v. *Lambert,* 38 *Vroom* 341.

In recognition of such duty in regard to the safety of the place of work the defendant erected a guard rail to prevent the plaintiff falling from the slippery platform where he was required to work. The fact that the guard rail was of such frail material, and that it was fastened to the support with but one nail, taken in connection with the fact that it broke and fell to the floor when the plaintiff's weight was put upon it, would have justified the inference, if the jury had been permitted and had seen fit to draw it, that the defendant had not exercised due care in its construction.

That such unsafe construction was not one of the ordinary perils which, in the nature of things are incident to such service, is so plain as not to require argument or illustration.

It appeared that, as a matter of fact, the plaintiff had made no examination of the condition of the railing. Whether in the exercise of reasonable care he should have known of its unsafe construction, was, at most, a jury question.

It follows, therefore, that the nonsuit was erroneous.

The judgment of the court below will be reversed, and a *venire de novo* awarded.